UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF PIERRE ANTOINE BATE, | Case No.: CR 08-90409 MISC JW (PVT)<br><br>**ORDER RE: BAIL** |

Pursuant to a request by the Government of the United Kingdom and the United States for the extradition of Pierre Antoine Bate to the United Kingdom, Mr. Bate was arrested and appeared in court for proceedings concerning his release on bail. (hereinafter "defendant Bate."). Specifically, the United Kingdom seeks the extradition of defendant Bate for violations of their statutes involving burglary with the intent to rape, indecent assault and burglary (violations of 9(1)(a) and 9(1)(b) of the Theft Act of 1968 and section 14(1) of the Sexual Offenses Act of 1956) and asserts that these are extraditable offenses under Article 2, Item 1, of the Extradition Treaty between the United States of America and the United Kingdom of Great Britain and Northern Ireland. On January 17, 2008, a District Judge in the Magistrate's Court in the City of Westminster, England issued a no bail arrest warrant for defendant Bate.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on August 20, 2008. Defendant Bate was present and represented by counsel, Cynthia Lie. On

1  behalf of the United Kingdom, the United States was represented by Assistant United States
2  Attorney Philip J. Kearney.
3  There is no presumption favoring bail in international extradition cases.
4  In reviewing the record of defendant Bate, the court finds that he has a mostly petty but
5  extensive prior criminal history involving burglary, theft, inflicting corporal injury on a spouse/co-
6  habitant and driving under the influence of alcohol. In addition, the court finds that defendant Bate
7  has an extensive history of failing to appear for court hearings.
8  Accordingly, the court finds that the United States has shown by a preponderance of the
9  evidence that no condition or combination of conditions will reasonably assure the appearance of
10 defendant as required.
11 The defendant is committed to the custody of the Attorney General or his designated
12 representative for confinement in a corrections facility while he awaits extradition to the United
13 Kingdom. The defendant shall be afforded a reasonable opportunity for private consultation with
14 defense counsel. On order of a court of the United States or on the request of an attorney by the
15 Government, the person in charge of the corrections facility shall deliver the defendant to the
16 appropriate officials who are empowered to comply with the order of extradition to the United
17 Kingdom.
18 IT IS SO ORDERED.
19 Dated: *August 22, 2008*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER, *page 3*